The Court:
 

 Bayard,
 
 Chief Justice.
 

 The plaintiff in this case having obtained judgment against the defendant, Rickards, before a justice of the peace, he sued out of the Superior Court a certiorari according to the provisions of the act of assembly. The act provides that a party or his attorney applying for a writ of certiorari to be directed to a justice of the peace, shall enter into a recognizance with sufficient surety to the defendant before the prothonotary, with condition to be void
 
 “if such writ shall not he allowed,
 
 or if the plaintiff' therein shall prosecute said writ to effect and pay the condemnation money] and all costs, or otherwise abide the judgment of the Superior Court in the case, if he fail to make good his plea.
 
 (Dig.
 
 358.) After ob-l taining the writ from the prothonotary the defendant, Rickards, de-l termined to abandon its prosecution, and never served it upon thel justice of the peace, who issued an execution upon the judgment ren-| dered by him against Rickards, upon which he was arrested and im-l prisoned. The plaintiff then sued out a scire facias against the de-l fendants upon the recognizance which had been entered into beforJ the prothonotary upon the issuing of the writ of certiorari, and tc|
 
 *285
 
 that scire facias the defendants filed two pleas:
 
 'First,
 
 that the cer-tiorari was never served upon or delivered to the justice, and no proceedings ever had thereon:
 
 Secondly,
 
 that by execution on the judgment in reference to which the certiorari was issued, Rickards the defendant below was arrested and imprisoned, and that there never was any proceeding on the writ of certiorari.
 

 To these pleas there is a demurrer and joinder in demurrer. It is contended on the part of the plaintiff that the defendant, Rickards, having sued out the writ of certiorari was bound to prosecute it, and that, not having done so, the recognizance was forfeited. This idea is founded upon a misconception of the meaning of the terms
 
 “if such writ shall not he allowed,”
 
 which are part of the condition of the recognizance and avoid it when true. It has been supposed that they referred to an allowance of the writ by a judge of the court out of. which the writ issued; and it was at one time the practice to apply to a judge for his allocatur. This practice has been disused as superfluous; for the writ of certiorari is in these cases a writ of course, which the party is entitled to sue out, and which cannot be denied to him. The terms have reference to the allowance of the writ by the justice of the peace, for until allowed by him it is no supersedeas. Upon being served upon the justice and allowed by him, if no execution has been issued, he has no right afterwards to issue one; if an execution has been previously issued and delivered to a constable, he should regularly issue a supersedeas to the constable. (1
 
 Bac. Ab.
 
 356,
 
 letter G. tit. Cert.; Regina
 
 vs.
 
 Nash. Salk.
 
 147;
 
 Cress
 
 vs.
 
 Smith et al. Salk.
 
 148.) If the justice refuses to allow the writ when he should, he may be compelled to do so by attachment.
 
 (S. C. Salk.
 
 149.) The act of assembly itself provides, that if the writ of certiorari be not indorsed by the prothono.tary with the words
 
 “recognizance taken and approved,”
 
 the justice shall not ¡obey it.
 
 (Dig.
 
 358.) By the terms of the recognizance then, when-jever it appears that the writ of certiorari has not been
 
 allowed by the mistice,
 
 the recognizance is void, let the reason of the disallowance Ibe what it may. If the writ has been served upon the justice and feilowed by him, it is a supersedeas to further proceedings, and it is Ihen out of the power of the party suing it to abandon it, but he is Bound in the words of the recognizance “to prosecute it to effect” |>r else the recognizance is forfeited. But if it is not served upon him, |t cannot of course be allowed; it is no supersedeas to further pro-eedings, and no one is impeded or injured by it; and the result of
 
 *286
 
 'the whole is, that the party who sued it out, after having paid for the writ, and been at the trouble of finding a sufficient surety, takes nothing by it. It is clearly then a necessary consequence of the terms of the condition of the recognizance, that the party suing out the writ may abandon its prosecution by omitting to serve it upon the justice, and as that is the precise allegation of the pleas, the truth of which is admitted by the demurrer, judgment must be given for the defendants.
 

 Rodney,
 
 for plaintiff.
 

 Wales,
 
 for the defendants.
 

 Demurrer overruled and judgment for defendants.